UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOMAS FELICIANO,

    Petitioner,                                          Case Number 1:10-CV-12265
                                                                           Honorable Thomas L. Ludington

v.

KENNETH MCKEE,

    Respondent.

_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT
OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY,
AND DECLINING LEAVE TO APPEAL IN FORMA PAUPERIS**

A state court jury convicted Petitioner Tomas Feliciano of first-degree murder, burning of personal property with a value of $20,000 or more, receiving and concealing stolen property, and carrying away a human body. Petitioner was sentenced to mandatory life in prison for the murder and concurrent terms of 13 years and four months to 20 years for the other convictions.

Petitioner seeks habeas relief in this Court pursuant to 28 U.S.C. §2254. For the reasons detailed below, the petition will be denied.

**I**

The relevant facts were recited by the Michigan Court of Appeals. Pursuant to 28 U.S.C. § 2254(e)(1), the facts are presumed correct:

> The circumstances surrounding the death of the victim in this case emerged largely from defendant's police statement and from defendant's own testimony. While defendant and his girlfriend were engaged in a loud argument at their home in Detroit, the victim, a cousin of defendant's girlfriend, walked into the house and asked what was going on. The victim pushed defendant and they began to fight. After the victim was on the floor "knocked out," defendant began kicking the victim's face and head. When defendant's girlfriend told defendant that the victim was related to a neighborhood drug dealer named "Duran," defendant became frightened. Defendant wanted to take the victim outside and leave him in

> the alley, hoping that he would not remember anything when he awoke. Defendant's girlfriend, however, said that they would have to kill him. They took him into the basement and defendant cut the victim's neck with a pocketknife. Defendant claimed that the victim was still alive after Defendant cut him, and his girlfriend subsequently stabbed the victim repeatedly with a large hunting knife and hit him in the head with a hammer. Defendant left the house to find a vehicle they could use to move the victim. When he returned with a GMC Envoy, the victim was dead. Defendant and his girlfriend used the Envoy to dispose of the victim's body, and Defendant burned the Envoy the following night.

*People v. Feliciano*, No. 271085, 2007 Mich. App. LEXIS 2603, *1-2 (Mich. Ct. App. Nov. 20, 2007).

Following his conviction, Petitioner appealed to the Michigan Court of Appeals. The appeal raised four claims. First, the trial court erred in refusing to redact Petitioner's discussions regarding plea negotiations from the recorded telephone conversations he had with his sister from jail. Second, the prosecutor committed misconduct when he argued in closing that Petitioner's trial counsel suggested additions to his testimony before his re-direct examination. Third, the trial court erred in ordering reimbursement of attorney fees without considering Petitioner's ability to pay. And fourth, trial counsel was ineffective for failing to utilize evidence of a bloody handprint found at the scene that matched the DNA of neither Petitioner nor his girlfriend.

The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished opinion. *Id*. Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court. The Michigan Supreme Court denied leave to appeal by standard order. *People v. Feliciano*, 480 Mich. 1138 (2008) (table).

Petitioner returned to the trial court and filed a motion for relief from judgment. The motion raised five claims. First, Petitioner's indeterminate sentences violate § 769.34(2)(b) of

the Michigan Compiled Laws.  Second, the trial court erred when it denied Petitioner an adjournment for the purpose of obtaining an expert witness regarding Petitioner's intelligence to challenge the voluntariness of his statement to police.  Third, the trial court erred in failing to dismiss the carrying away of a human body charge on the grounds that it was inflammatory.  Fourth, Petitioner's trial counsel was ineffective for failing to investigate and impeach the credibility of the police officer who interrogated Petitioner.  And fifth, Petitioner's appellate counsel was ineffective for failing to raise these meritorious issues during his direct appeal.  The trial court denied the motion by opinion and order.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the same issues.  The application was denied because Petitioner "failed to meet the burden of established entitlement to relief under Mich. Ct. R. 6.508(D)."  *People v. Feliciano*, No. 290956 (Mich. Ct. App. August 26, 2009).  Petitioner appealed to the Michigan Supreme Court.  It denied relief, citing to the same court rule.  *People v. Feliciano*, 485 Mich. 1122 (2010) (unpublished table op.).

Petitioner then filed a habeas petition in this Court raising four claims.  First, the trial court erred in refusing to redact Petitioner's discussions regarding plea negotiations from the recorded telephone conversations from jail that Petitioner had with his sister.  Second, the prosecutor committed misconduct when he argued in closing that Petitioner's trial counsel suggested additions to his testimony before his re-direct examination.  Third, the trial court erroneously denied Petitioner an adjournment for the purpose of obtaining an expert witness regarding Petitioner's intelligence.  Fourth, the trial court erred in not dismissing the carrying away of a human body charge on the grounds that it was inflammatory.  Fifth, trial counsel was

ineffective for not investigating and impeaching the credibility of the police officer who interrogated Petitioner. And sixth, Petitioner's appellate counsel was ineffective for not raising these meritorious issues during his direct appeal.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which governs this case, permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998).

Mere error by the state court does not justify issuance of the writ; rather, the state court's application of federal law "must have been objectively unreasonable." *Wiggins v. Smith*, 539 U.S. 510, 520–21(2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 409 (2000) (internal quotes omitted)). Additionally, this Court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous.").

To be "contrary to" clearly established precedent, the Supreme Court explains, the state court decision must have "applie[d] a rule that contradicts the governing law set forth in our cases. . . . A state-court decision will also be contrary to this Court's clearly established

precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent." *Williams*, 529 U.S. at 405–06.

A state court decision involves an "unreasonable application" of clearly established precedent, the Court explains, "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. The Court cautions, however, that an unreasonable application of federal law is different from an incorrect application of federal law. Unanimously emphasizing the limited nature of this review in *Harrington v. Richter*, 131 S. Ct. 770 (2011), the Court reiterated that AEDPA imposes a highly deferential standard for evaluating state-court rulings, writing: "A state court's determination that a [petitioner's] claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 785–86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011).

### III

### A

Petitioner first asserts that the trial court erred when it refused to redact the portions of recorded telephone conversations he had with his sister where plea negotiations were discussed. Petitioner argues that these portions of the phone conversations were not relevant under Michigan Rule of Evidence 401, and that even if they were relevant, they were more prejudicial than probative.

Alleged trial court errors in the application of state evidentiary law, however, are generally not cognizable as grounds for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). The Sixth Circuit explains: "Trial court errors in state procedure and/or evidentiary law do not rise to the level of federal constitutional claims warranting relief in a habeas action, unless the error renders the proceeding so fundamentally unfair as to deprive the petitioner of due process under the Fourteenth Amendment." *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004) (quoting *McGuire*, 502 U.S. at 69–70).

Here, during jailhouse telephone conversations with his sister, Petitioner talked about the possibility of pleading guilty to manslaughter or second-degree murder. He explained to his sister that he took responsibility for the killing but that he would not accept a 20-to-40 year or life sentence.

The Michigan Court of Appeals concluded that the trial court did not err in declining to redact these portions of the telephone conversations. The court reasoned that these statements were relevant to Petitioner's voluntary manslaughter and self-defense claims. It found that Petitioner did not tell his sister that he was in fear of the victim or that he was mentally disturbed at the time of the killing, the court noted. Instead, Petitioner took responsibility for the crime. The court also found that the evidence was not overly prejudicial because the jury had heard Petitioner's chilling account to the police how he brutalized the victim and disposed of his body.

A state trial court's evidentiary rulings, as noted, are generally not cognizable on habeas review. *Moore v. Tate*, 882 F.2d 1107, 1109 (6th Cir. 1989). Determining the prejudicial value of evidence is entrusted to the discretion of the trial judge and the exercise of that discretion is

not cognizable on habeas review. *Boggs v. Collins*, 226 F.3d 728, 742 (6th Cir. 2000); *Oliphant v. Koehler*, 594 F.2d 547, 555 (6th Cir. 1978). Petitioner's first claim does not entitle him to relief.

**B**

Petitioner next asserts that the prosecutor committed misconduct during closing arguments. The prosecutor suggested that Petitioner modified his testimony during a lunch break, asserting:

> How else do you know he's a liar? Because he adds on and exaggerates things and embellishes after the fact to try to get you to — to make you think that what happened is something different than what happened. You heard him right here in court add on and embellish. As soon as he — something popped into his mind that he can add on, he's right there with it. Oh, the knife, after he's had lunch with his lawyer and had a chance to think about it and cook up some more stuff, she really had a long knife. My knife wasn't long enough to do it. It must have been her.

Petitioner's counsel did not object to this line of argument.

Michigan law requires that a criminal defendant object to prosecutorial misconduct in order to preserve such a claim for appellate review. *See Burton v. Bock*, 320 F. Supp. 2d 582, 589 (E.D. Mich. 2004) (citing *People v. Ullah*, 216 Mich. App. 669 (1996)). This rule is firmly established and regularly followed by the state courts. *Johnson v. Sherry*, 586 F.3d 439, 444–45 (6th Cir. 2009).

Here, the Michigan Court of Appeals concluded that Petitioner had not preserved this claim because he had not objected at trial to the prosecutor's comments. Therefore, the court reviewed the claim under a "plain error" standard of review.

If a state appellate court applies a plain error standard of review because the criminal defendant did not raise the issue in the trial court, as here, federal courts are barred from reaching the merits of the claim on habeas review. *See Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010). A petitioner can overcome the procedural bar on habeas review only by showing cause for noncompliance with the state procedural rule and actual prejudice arising from the alleged misapplication of the constitutional rule at issue.

Demonstrating cause requires showing that an objective factor external to the defense impeded counsel's effort to comply with the state procedural rule. *Franklin v. Anderson*, 434 F.3d 412, 417 (6th Cir. 2006). To show prejudice, the Petitioner must demonstrate that the constitutional error worked to his "actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982). There is no prejudice where the petitioner does not show a reasonable probability of a different verdict. *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Here, Petitioner asserts that his attorney's failure to object to the prosecutor's argument constitutes cause to excuse his default. Petitioner, however, cannot establish that trial counsel was ineffective or that he suffered actual prejudice because Petitioner's prosecutorial misconduct claims lack merit. To prevail on a claim of prosecutorial misconduct, a habeas petitioner must demonstrate that the prosecutor's remarks "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

Petitioner has not shown that the prosecutor engaged in any such misconduct. As the Michigan Court of Appeals observed, it was fair for the prosecutor to point out changes Petitioner made to his testimony from direct examination to re-direct examination.

In noting that Petitioner had lunch with his counsel during the break, the prosecutor pointed out that the break allowed Petitioner to think about his testimony. The prosecutor did not suggest that defense counsel told Petitioner what to say on re-direct examination. In short, the prosecutor's remarks did not render the trial fundamentally unfair.

Petitioner has also not shown that a fundamental miscarriage of justice has occurred. The miscarriage of justice exception to the procedural default rule requires a showing that a constitutional violation probably resulted in the conviction of one who is actually innocent. *See Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). To be credible, the Supreme Court instructs, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Id*. at 324.

Here, Petitioner has made no such showing. His prosecutorial misconduct claim does not warrant habeas relief.

## C

Petitioner's remaining claims were presented to the state courts during his post-conviction review proceedings.

Petitioner's third claim asserts that the trial court violated his right to due process and a fair trial when it denied his motion to adjourn the trial to allow time for Petitioner to obtain an expert witness. Petitioner states that an expert witness was important to support his claim that

his statement to police was involuntary due to his low intelligence. Petitioner's fourth claim asserts that the carrying away of a human body charge should have been dismissed because it was filed only to inflame the jury. Petitioner's fifth claim asserts that his trial counsel was ineffective for failing to investigate the record of the detective who interviewed him. Petitioner's sixth claim asserts that his appellate counsel was ineffective for failing to raise these claims during his direct appeal.

The trial court denied the motion for relief from judgment which raised these claims because "[d]efendant has failed to demonstrate good cause for failing to raise these issues in his prior motions or appeal. He has also failed to demonstrate that he suffered actual prejudice from any of the alleged irregularities." The state appellate courts then denied relief by citation to Michigan Court Rule 6.508(D).

As explained above, federal habeas relief is precluded for claims that a petitioner has not presented to the state courts in accordance with the state's procedural rules. The Sixth Circuit has held that the form order used by the Michigan Supreme Court to deny leave to appeal in this case is unexplained because its citation to Michigan Court Rule 6.508(D) is ambiguous as to whether it refers to a procedural default or a rejection on the merits. *Guilmette v. Howes*, 624 F.3d 286, 291–92 (6th Cir. 2010) (en banc). Consequently, a court must "look through" the unexplained order of the Michigan Supreme Court to the state trial court's decision to determine the basis for the denial of state post-conviction relief. If the trial court's decision was based on the merits, then the claims raised in the motion for relief from judgment are not procedurally defaulted. *Id.* However, if the trial court relied on a procedural basis for denying relief, such as a defendant's failure to satisfy the "good cause and actual prejudice" standard of Rule

6.508(D)(3), then review of the claims raised in the motion are barred from review. *See McFarland v. Yukins*, 356 F.3d 688, 697–98 (6th Cir. 2004).

In this case, the trial court found that Petitioner did not establish good cause to excuse his failure to raise the claims he raised in his motion for relief from judgment on direct appeal under Rule 6.508(D)(3). Accordingly, the decision of the state courts rests on a state procedural ground, and the claims Petitioner's presented to the state courts in his motion for relief from judgment are procedurally defaulted.

Petitioner asserts in his sixth claim that he received ineffective assistance of appellate counsel as cause to excuse his default. But it is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983). The Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every "colorable" claim suggested by a client would disserve the . . . goal of vigorous and effective advocacy . . . . Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id*. at 754. Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of winnowing out weaker arguments on appeal and focusing on those more likely to prevail." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quotation marks omitted) (quoting *Barnes*, 463 U.S. at 751–52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002); *see also Fautenberry v. Mitchell*, 515 F .3d 614, 642 (6th Cir.

2008). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," defined as an issue which was obvious from the trial record and would have resulted in reversal on appeal. *Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Here, Petitioner has not demonstrated that his appellate counsel's performance fell outside the wide range of professionally competent assistance. Appellate counsel presented legitimate issues on direct appeal. Those issues, while not warranting reversal, were developed, and the claims presented in the motion for relief from judgment are not obviously of greater merit.

The Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *Smith*, 477 U.S. at 533; *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir. 1983).

Nonetheless, the Court notes in passing that the defaulted claims lack merit. Petitioner's third claim asserts that he was entitled to an adjournment to obtain an expert witness to testify about his capacity to voluntarily waive his Fifth Amendment rights and make a statement to police. When the trial court denied Petitioner's motion to suppress his statement, it found that after listening to the three telephone conversations between Petitioner and his sister, the court was convinced that "defendant had enough intelligence and was able to knowingly and intelligently waive his constitutional rights." Petitioner has not proffered any evidence to this Court regarding his alleged incapacity to waive his rights or to show that an expert witness would have supported such a claim. He has therefore not demonstrated that he was prejudiced by the refusal of the trial court to grant an adjournment.

Petitioner's fourth claim asserts that the prosecutor charged him with carrying away of a human body solely to inflame the jury. Section 750.160 of the Michigan Compiled Laws prohibits the disinterment, mutilation, defacement, or carrying away of human body. The evidence at trial revealed that after Petitioner and his girlfriend killed the victim, Petitioner stole a vehicle and placed the body in the cargo hold. He then dumped the victim's body in an alley. Petitioner admitted that he moved the victim's body both to police and in his trial testimony. Petitioner has failed to show that this charge, which was supported by the evidence, was not legitimately filed.

Petitioner's fifth claim asserts that his trial counsel was ineffective for failing to investigate Detective Lance Newman in an effort to impeach his credibility. To support this claim, Petitioner has attached exhibits to his petition that show that Newman was prosecuted in federal court for receiving money from a victim's family in an unrelated murder case. Newman falsely told the family that he had spent his own money investigating the case and asked the family to reimburse him.

A court reviewing a claim of ineffectiveness of counsel must evaluate the reasonableness of counsel's challenged conduct viewed as of the time of counsel's conduct. *Strickland*, 466 U.S. at 689–90. Here, Petitioner's exhibits show that Newman was suspended in October 2006 and he was charged on February 14, 2007. The charges indicated that Newman's criminal conduct occurred between January 1, 2006, and September 10, 2006. Petitioner was interrogated by Newman on June 22, 2005 and was arrested the next day. Newman testified at Petitioner's trial on May 26, 2006. Accordingly, at the time of Petitioner's trial Newman's misconduct and

criminal activity had not yet come to light. Petitioner's counsel was not ineffective for failing to challenge Newman's credibility on a basis that did not yet exist.

Accordingly, Petitioner has not shown that any of his defaulted claims resulted in actual prejudice. Habeas relief is not warranted on these claims.

## IV

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.§ 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336-37. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id*. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Here, Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is not warranted in this case. Petitioner will also not be granted leave to proceed in forma pauperis on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

**V**

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DENIED**.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

It is further **ORDERED** that the Court declines to grant Petitioner in forma pauperis status on appeal.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: May 23, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means Tomas Feliciano, #194973 at Bellamy Creek Correctional Facility, 1727 West Bluewater Highway, Ionia, MI 48846 by first class U.S. mail on May 23, 2013

s/Tracy A. Jacobs  
TRACY A. JACOBS

---